JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 3 1 2007

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: WELLNX MARKETING AND SALES
PRACTICES LITIGATION

MDL No. 1861

## TRANSFER ORDER

**Before the entire Panel**[*]: Defendants Wellnx Life Sciences Inc. (Wellnx), Derek Woodgate, Brad Woodgate, and Scott Welch have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Maryland or, alternatively, the District of New Jersey. All responding parties support centralization; however, plaintiffs in seven actions and three potential tag-along actions propose centralization in the District of New Jersey or, alternatively, the District of Arizona. Plaintiff in a potential tag-along action pending in the District of Massachusetts supports centralization in the District of Massachusetts or, alternatively, the District of New Jersey.

This litigation currently consists of nine actions listed on Schedule A and pending, respectively, in the following nine districts: the District of Arizona, the Central District of California, the Middle District of Georgia, the District of Kansas, the District of Maryland, the Western District of Missouri, the District of Nevada, the Eastern District of North Carolina, and the Eastern District of Tennessee.[1]

On the basis of the papers filed and hearing session held, we find that these nine actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions contain allegations that defendants improperly marketed the Wellnx Slimquick and/or NV products. Plaintiffs, who bring their claims on behalf of statewide classes of purchasers, rely on theories of fraud, unjust enrichment and strict products liability for manufacturing and design defects; several plaintiffs also contend that Wellnx's marketing of the products violated state consumer protection laws. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

---

[*] Judge Scirica took no part in the disposition of this matter.

[1] In addition to the nine actions now before the Panel, the parties have notified the Panel of seven related actions pending, respectively, in the Northern District of Florida, the Southern District of Illinois, the Eastern District of Kentucky, the District of Massachusetts, the District of New Jersey, the Eastern District of New York, and the Western District of Pennsylvania. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

We are persuaded that the District of Massachusetts is an appropriate transferee forum for this docket. Defendants are located in Toronto, Canada, while plaintiffs are scattered across the United States. Given the geographic dispersal of the constituent actions and the potential tag-along actions, the District of Massachusetts offers a relatively convenient forum for this litigation, along with an experienced MDL transferee judge to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Richard G. Stearns for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John J. Heyburn

John G. Heyburn II
Chairman

D. Lowell Jensen          J. Frederick Motz
Robert L. Miller, Jr.     Kathryn H. Vratil
David R. Hansen           Anthony J. Scirica*

IN RE: WELLNX MARKETING AND SALES
PRACTICES LITIGATION                          MDL No. 1861

## SCHEDULE A

District of Arizona

Diandra Johnson, et al. v. NxCare, Inc., et al., C.A. No. 4:07-69

Central District of California

Giselle Rideaux, et al. v. NxCare, Inc., et al., C.A. No. 2:07-2399

Middle District of Georgia

Tammy M. Britton v. NxCare, Inc., et al., C.A. No. 4:07-61

District of Kansas

Cindy Dias, et al. v. NxCare, Inc., et al., C.A. No. 2:07-2066

District of Maryland

Dana Weeks v. NxCare, Inc., et al., C.A. No. 1:07-367

Western District of Missouri

Christine Bartell, et al. v. NxCare, Inc., et al., C.A. No. 6:07-3050

District of Nevada

Olivia Daniel, et al. v. NxCare, Inc., et al., C.A. No. 2:07-482

Eastern District of North Carolina

Mary Cobb v. NxCare, Inc., et al., C.A. No. 4:07-50

Eastern District of Tennessee

Christy Lee Adkins, et al. v. NxCare, Inc., et al., C.A. No. 3:07-63

# INVOLVED CLERKS LIST
## MDL NO. 1861
## IN RE Wellnx Marketing and Sales Practices Litigation

Dennis P. Iavarone, Clerk
U.S. District Court
P.O. Box 25670
Raleigh, NC 27611

Felicia C. Cannon, Clerk
Edward A. Garmatz Federal Building & U.S. Courthouse
101 W. Lombard Street
Baltimore, MD 21201-2690

Gregory J. Leonard, Clerk
P.O. Box 124
Columbus, GA 31902-0124

Ingrid A. Campbell, Acting Clerk
259 Robert J. Dole U.S. Courthouse
500 State Avenue
Kansas City, KS 66101-2430

Lance S. Wilson, Clerk
Lloyd D. George U.S. Courthouse
333 Las Vegas Boulevard, South
Las Vegas, NV 89101

Patricia L. Brune, Clerk
1400 U.S. Courthouse
222 N. John Q. Hammons Parkway
Springfield, MO 65806

Patricia L. McNutt, Clerk
130 Howard H. Baker Jr. U.S. Courthouse
800 Market Street
Knoxville, TN 37902

Richard H. Weare, Clerk
1500 Evo A. DeConcini U.S. Courthouse
405 West Congress Street
Tucson, AZ 85701-5010

Sherri R. Carter, Clerk
G-8 U.S. Courthouse
312 North Spring Street
Los Angeles, CA 90012

# INVOLVED JUDGES LIST
# MDL NO. 1861
# IN RE Wellnx Marketing and Sales Practices Litigation

Hon. Valerie Baker Fairbank
U.S. District Judge
United States District Court
9 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012-4701

Hon. James C. Fox
Senior U.S. District Judge
U.S. District Court
P.O. Box 2143
Wilmington, NC 28402-2143

Hon. William A. Knox
U.S Magistrate Judge
204 United States Courthouse
131 West High Street
Jefferson City, MO 65101-1557

Hon. Clay D. Land
U.S. District Judge
United States District Court
P.O. Box 2017
Columbus, GA 31902-2017

Hon. Carlos Murguia
U.S. District Judge
537 Robert J. Dole U.S. Courthouse
500 State Avenue
Kansas City, KS 66101-2400

Hon. Philip M. Pro
U.S. District Judge
7015 Lloyd D. George U.S. Courthouse
333 Las Vegas Boulevard, South
Las Vegas, NV 89101-7065

Hon. William D. Quarles, Jr.
United States District Judge
3A Edward A. Garmatz Fed. Bldg. & U.S. Courthouse
101 West Lombard Street
Baltimore, MD 21201-2605

Hon. John M. Roll
Chief Judge, U.S. District Court
5190 Evo A. DeConcini U.S. Courthouse
405 W. Congress Street
Tucson, AZ 85701-1380

Hon. Curtis L. Collier
Chief Judge, U.S. District Court
317 Joel S. Solomon Federal Bldg. & U.S. Courthouse
900 Georgia Avenue
Chattanooga, TN 37402

## RULE 1.6: TRANSFER OF FILES

(a) Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

(b) If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c) If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d) Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:
  (i) a certified copy of the individual docket sheet for each action being remanded;
  (ii) a certified copy of the master docket sheet, if applicable;
  (iii) the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
  (iv) a certified copy of the final pretrial order, if applicable; and
  (v) a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e) The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

FILED 4:17

August 31, 2007

Sarah Thornton, Clerk
Clerk's Office - Attn: Sherry Jones
U.S. District Court
595 Main Street
Worcester, MA 01608

Re: MDL-1861 -- IN RE Wellnx Marketing and Sales Practices Litigation

(See Attached Schedule A of Order)

Dear Ms. Thornton:

    I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter. The order is directed to you for filing.

    The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

    A copy of Rule 1.6 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel <u>Rules</u> and a copy of Chapter 7 of Volume 4 of the <u>Clerks Manual, United States District Courts</u>.

    The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

- 2 -

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

For your information, I am enclosing a copy of the Panel Attorney Service List.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _Dana L. Stewart_
Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules):

    Transferee Judge:    Judge Richard G. Stearns

cc w/order only:    Transferee Chief Judge:    Judge Mark L. Wolf

cc w/order and Rule 1.6, R.P.J.P.M.L.:

    Transferor Clerk(s):    (See Attached List of Clerks)

    Transferor Judge(s):    (See Attached List of Judges)

JPML Form 33